DAVID McCLURE *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT        NEW HAVEN COUNTY        FILE No. 115218
AT NEW HAVEN

Memorandum filed January 30, 1968

*Nicholas J. Cimmino,* of New Haven, for the plaintiff.

*Robert K. Killian,* attorney general, and *Carl D. Eisenman,* assistant attorney general, specially appeared for the defendant.

PASTORE, J. The plaintiff filed a claim for unemployment benefits which was denied by the administrator. From this adverse decision, pursuant to statute, the plaintiff appealed to the unemployment compensation commissioner, who affirmed the decision of the administrator. From this decision, dated October 30, 1967, the plaintiff appealed to this court under General Statutes §§ 31-248 and 31-249.

The decision having been rendered on October 30, 1967, it would become final under General Statutes § 31-248 upon the fifteenth day thereafter, being November 14, 1967. The appeal was filed with the unemployment compensation commissioner on November 13, 1967. The defendant administrator, under a special appearance, has filed a motion to erase on the ground that the appeal in question does not comply with the statutory provision of § 31-249 requiring that the petition "shall state the grounds" of review.

It is obvious that the form of the questioned appeal at bar does not follow that suggested in Form 456 of the Practice Book. The appeal took the form suggested for appeals in workmen's compensation cases (see Practice Book, Form 450) in the first part, and in the second part stated: "REASON OF APPEAL FROM COMPENSATION COMMISSIONER. The conclusion of the Commissioner stated in paragraph 10 of his finding of facts that the claimant's actions indicated a wilful disregard of his employer's best interests and were the equivalent of wilful misconduct (which) is not legally supported by the facts found."

In an appeal under the Unemployment Compensation Act, because the petition of appeal filed with the unemployment compensation commissioner, who is to forward it to the Superior Court, is required

to contain a statement of "the grounds on which a review is sought" (General Statutes § 31-249; Practice Book, Form 456), no "reasons of appeal" are required to be filed in the sense they are required in workmen's compensation cases under Practice Book § 436. In general, the statement of the "grounds" of review in the petition of appeal filed with the commissioner in an unemployment compensation appeal serves the purpose of the "reasons" of appeal filed in the Superior Court in a workmen's compensation appeal.

Section 31-244 of the General Statutes provides that in hearings and appeals in unemployment compensation actions, "[n]o formal pleadings shall be required, beyond such informal notices as the commission approves" and that "proceedings shall be had, as far as possible, in accordance with the rules of equity." The intent of the legislature expressed in this section is "that a claimant's petition should not be dismissed because of his failure to comply with some technicality of procedure." *Derench* v. *Administrator*, 141 Conn. 321, 325.

In the case at bar, the petition of appeal, timely filed with the commissioner, does contain in substance a sufficient statement of the ground upon which review is sought, though defectively stated. More properly, it should have stated in substance that the commissioner erred in denying the plaintiff compensation because the conclusion of the commissioner in paragraph 10 of his finding of facts— that the claimant's actions indicated a wilful disregard of his employer's best interests and were the equivalent of wilful misconduct—is not legally supported by the facts found. The petition should also have a prayer for relief in accordance with Practice Book, Form 456. These deficiencies are technicalities of procedure.

Accordingly, the motion of defendant administrator to erase the appeal is denied.

In an unemployment compensation case, the appeal is filed with the commissioner. General Statutes § 31-249; Practice Book, Form 456; *Derench* v. *Administrator,* supra, 324. The question arises whether the amendment to the petition should be allowed in this court or by the commissioner after a referral to him with direction to him for such an amendment. Because of the special, limited and statutory nature of the jurisdiction of the Superior Court in an unemployment compensation appeal, as distinguished from an exercise of its general constitutional jurisdiction, this court would be powerless to allow an amendment in a case where it had not acquired jurisdiction in accordance with the statutory requirements. See General Statutes § 31-249; *Bardes* v. *Zoning Board of Appeals,* 141 Conn. 317, 318; *Lanyon* v. *Administrator,* 139 Conn. 20, 28; *Heiser* v. *Morgan Guaranty Trust Co.,* 150 Conn. 563, 565–66; *Maloney* v. *Taplin,* 154 Conn. 247, 248–49.

Since this court has acquired jurisdiction of the present appeal, however, and in the interest of avoiding delay and to economize in judicial action, permission is hereby granted to plaintiff to amend the ground of review and add the prayer for relief by amendment to be filed in this court within ten days from date of filing of this memorandum with the clerk of this court.

Motion of defendant to erase is denied and permission granted to plaintiff to amend, both as aforesaid.