## JANESE BOLDEN *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 290018
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed December 20, 1984

*Janese Bolden,* pro se, the plaintiff

*Thadd A. Gnocchi,* assistant attorney general, with whom was *Joseph I. Lieberman,* attorney general, for the named defendant.

BIELUCH, J. The plaintiff has appealed from a decision of the employment security board of review affirming an appeals referee's denial of benefits. The appeals referee ruled that the plaintiff was ineligible for benefits because she had voluntarily terminated her employment without the sufficient "cause" required by General Statutes § 31-236 (2) (A).

Until her resignation in July, 1983, the plaintiff had been employed as an electronic assembler by Dynamic Controls, Inc., for approximately eight years. In her statement of claim she alleged that she had been a Jehovah's Witness for three years as of that date.

In December of 1982, the plaintiff discovered that some of the parts which she assembled would be used for military products. On July 29, 1983, she orally notified the employer of her intention voluntarily to terminate employment. In her statement of claim she asserted that she resigned because her religious beliefs as a Jehovah's Witness prohibited her from continuing to work on the production of military products. The personnel manager asserted at the hearing that at the time the plaintiff submitted her notice of termination, the plaintiff merely indicated that she did so for "personal reasons" and did not suggest any religious motivation. Moreover, the plaintiff did not request a transfer to another position or department before submitting such notice. The plaintiff testified that she did not request a transfer to another department because she could not be sure that other parts which she would work on would not be used for military purposes.

The appeals referee concluded that the plaintiff did not seek all available reasonable alternatives for continuing employment which would not conflict with her religious beliefs and, therefore, did not have sufficient "cause" voluntarily to terminate her employment which would entitle her to unemployment benefits under General Statutes § 31-236 (2) (A). Specifically, he found that the plaintiff was a Jehovah's Witness who believed that the precepts of her religion prohibited her from working in the production of military parts. He also found that these beliefs motivated her to seek nonmilitary work and that they were good reasons for doing so. He also concluded, however, that Dynamic manufactures nonmilitary, commercial products which account

for 10 to 50 percent of its contracts, and that if a transfer request had been made, Dynamic would have attempted to place the plaintiff in a position which would not cause conflict with her religious beliefs. The referee concluded that transfer to nonmilitary work "would have been entertained and accepted." By failing to make a transfer request, the plaintiff had failed to pursue all reasonable alternatives available to her so as to retain a suitable employment relationship involving duties which were not contrary to her religious beliefs.

On appeal to the employment security board of review, the plaintiff sought reversal of the referee's decision, alluding to, but not referring directly by name or citation to, a recent United States Supreme Court decision as requiring reversal. The board of review concluded that the appeals referee's decision was consistent with the Unemployment Compensation Act and with his factual findings. Accordingly, it adopted the findings and conclusions of the appeals referee and affirmed his decision to deny unemployment compensation benefits to the plaintiff.

The plaintiff has filed an appeal to this court claiming that the defendant committed three reversible errors in its decision below: (1) that the board erred in concluding that nonmilitary work at Dynamic was a reasonable alternative by failing to determine whether such work would be consistent with the plaintiff's religious beliefs; (2) that the board erred in concluding that such work was a reasonable alternative when there was no evidence that a transfer to nonmilitary work would have been available to her if a request had been made; and (3) that the board denied the plaintiff her rights of due process by asking the plaintiff and her employer leading questions when the plaintiff was not represented by counsel.

In considering the plaintiff's first two contentions, this court's standard of review permits it to decide only whether the appeals referee acted unreasonably, arbitrarily or illegally. *Robinson* v. *Unemployment Security Board of Review,* 181 Conn. 1, 5, 434 A.2d 293 (1980). The court is bound by the findings of fact submitted and it cannot substitute its own conclusions from those facts for the reasonable conclusions made by the appeals referee. Id. Therefore, this court may decide only whether there was no reasonable basis for the appeals referee's conclusion that the plaintiff failed to show that no reasonable alternative existed but voluntarily to terminate her employment with Dynamic Controls.

The Unemployment Compensation Act provides that "[a]n individual shall be ineligible for benefits . . . if, in the opinion of the administrator, he has left suitable work voluntarily and without sufficient cause connected with his work, provided no individual shall be ineligible for benefits if he leaves suitable work for cause . . . ." General Statutes § 31-236 (2) (A). The term "for cause" in the act is interpreted as "good cause" and permits a person to claim benefits for voluntary termination caused by wholly personal as well as work related reasons. *Robinson* v. *Unemployment Security Board of Review,* supra, 23. To receive such benefits, however, "claimants must show that they have left employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment." Id.

In the present case there was sufficient evidence to support the appeals referee's conclusion that the plaintiff failed to show no reasonable alternative to voluntary termination. The plaintiff's contention that the appeals referee must initially determine whether nonmilitary work violates the plaintiff's religious beliefs

is not persuasive. In her statement of claim, the plaintiff indicated only that actual production of military parts violated her religious beliefs. She did not assert that she failed to request a transfer because she believed that *any* work at Dynamic Controls would violate her beliefs, but merely that she could not be sure that the parts she might assemble would not be used for military purposes. She offered no evidence that nonmilitary work at Dynamic Controls would conflict with her religious beliefs, and this court is limited to reviewing the agency record. Practice Book § 519; *Burnham* v. *Administrator,* 184 Conn. 317, 321, 439 A.2d 1008 (1981). In view of her statements, it was reasonable for the appeals referee to conclude that nonmilitary work would be a reasonable alternative available to her. It was, therefore, reasonable for the appeals referee to conclude that before the plaintiff could collect unemployment benefits, she must make an effort to seek a position with her employer which would be consistent with her beliefs, rather than simply assume, a priori, that no such position would be available.

The plaintiff's second contention is equally unpersuasive. Dynamic Controls did not need to "guarantee" a nonmilitary production position before the plaintiff was obligated to seek a transfer. The burden was on the plaintiff to show that no such work existed. By failing to request a transfer, she prevented Dynamic from offering possible placement in a nonmilitary position which would be consistent with her religious beliefs. Because there was evidence that such a transfer would have been entertained and accepted, it was not unreasonable for the appeals referee to decide that such placement was an available reasonable alternative.

The unnamed Supreme Court case which the plaintiff apparently alluded to in her petition to the board of review is distinguishable. In *Thomas* v. *Review Board of the Indiana Employment Security Division,* 450 U.S.

707, 101 S. Ct. 1425, 67 L. Ed. 2d 624 (1981), the United States Supreme Court held that a Jehovah's Witness was not disqualified from unemployment benefits for lack of "good cause" in voluntarily terminating employment for religious beliefs. The appeals referee in the present case ruled consistently with this holding by concluding that the plaintiff's religious beliefs were "good cause" for voluntary termination. Moreover, there is nothing in *Thomas* which suggests that requiring an individual to seek a transfer to a position which does not conflict with his religious belief before permitting him to enjoy unemployment benefits would unduly burden his rights under the free exercise clause of the first amendment. Unlike Dynamic Controls, the employer in *Thomas* manufactured only military products. In addition, the referee in that case found that Thomas, unlike the plaintiff here, informed his employer of his religious reasons for resignation and actively sought a transfer prior to submitting his termination notice. *Thomas* v. *Review Board of the Indiana Employment Security Division,* supra, 710–12.

The final claim of the plaintiff asserts that she was denied due process by the referee's interrogation of the witnesses through leading questions of a prejudicial nature, thereby exhibiting an appearance of partiality toward the employer. This argument is without basis. The unemployment compensation procedure has been established for the benefit of employees who can present their claims without professional or legal assistance. It is a liberal act to be liberally construed for liberal assistance to workers. The informality of the procedures, at least at the various administrative stages, are geared to serve the common laborer or unskilled claimant. The hearing was a fair and proper one. No partiality was shown to either employer or

employee. The plaintiff's complaint is grounded merely on the fact that the referee's ruling was not in her favor.

The referee's hearing was conducted in accordance with the provisions of General Statutes § 31-244a, which provides, in relevant part, as follows: "The conduct of hearings and appeals, including notice thereof, shall be in accordance with rules of procedure prescribed by the board. No formal pleadings shall be required, beyond such notices as the board provides for by its rules of procedure. The referees and the board shall not be bound by the ordinary common law or statutory rules of evidence or procedure. They shall make inquiry in such manner, through oral testimony and written and printed records, as is best calculated to ascertain the substantial rights of the parties and carry out justly the provisions of this chapter."

The plaintiff's appeal is, therefore, dismissed.