[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPEAL FROM EMPLOYMENT SECURITY BOARD OF REVIEW
This is an appeal from a decision of the Employment Security Board of Review denying the plaintiff's claim for unemployment compensation.
On September 23, 1989, the claimant plaintiff, Shirley Kernicky, filed a claim for unemployment benefits. She CT Page 5435 requested compensation on the basis that she was forced to terminate her employment with Savoy Laundry, Inc.
On October 2, 1989, the administrator denied her claim for benefits because she "left suitable work voluntarily and without sufficient cause."
The plaintiff appealed this decision and appeared pro se at a hearing before the appeals referee on October 16, 1989. On November 3, 1989, the appeals referee rendered a decision upholding the administrator's denial of the claim.
Thereafter, on November 14, 1989, the plaintiff filed an appeal with the Employment Security Board of Review. Notice of her appeal was sent to Savoy Laundry, Inc. by the Board.
The board affirmed the referee's decision. Counsel for the administrator has adequately summarized the findings of the board. The board found that the claimant was employed to perform clerical work on a part-time basis by Savoy Laundry, Inc. from May 2 through September 19, 1989. On that date, the claimant left her job following a discussion with the general manager regarding corrections on the office computer. During the discussion the general manager raised his voice and claimant commented that they should be able to talk like human beings. When the general manager indicated "no one talks to him in that manner, and, if she did not like it, she could leave," claimant stated that she was leaving and did so.
At the time the claimant left her employment, she was not under any threat of dismissal by the employer and had not been advised that her job performance was unsatisfactory or that her job was in jeopardy. Claimant liked the job but was dissatisfied with the varying instructions she was receiving from the general manager and her immediate supervisor, the office manager. The employer was converting to a computer system and the claimant felt the office manager unnecessarily directed her to ask questions of the general manager regarding the computer system rather than answering the questions himself. That direction, however, was because the general manager knew more about the computer system. Although she was dissatisfied with her treatment by the office manager, claimant never voiced any complaints to the general manager in order to resolve any problems and maintain her employment. The board found that there was a personality clash between claimant and the office manager which did not constitute harassment and that neither the September 19 incident nor claimant's unsubstantiated "feeling" that the employer wanted her to leave rendered claimant's job unsuitable or provided sufficient cause for her to voluntarily leave her employment. CT Page 5436
The Board of Review published its affirmation of the referee's decision on December 29, 1989. At that time, the claimant was given a Notice of Appeal Rights explaining the claimant's right to appeal to the superior court or, in the alternative, to move the board to reopen, vacate, set aside or modify the board's decision. The notice set forth the different procedures for filing an appeal to the court or a motion addressed to the board.
The plaintiff filed a letter with the board, on January 11, 1990, advising it that she was "appealing" the board's decision. She included in the letter reasons she sought review along with a response to a letter that had been sent to the board by Savoy Laundry, Inc. The plaintiff's letter did not conform with the proper procedure for an appeal because it lacked the title, "Appeal to the Superior Court" as mandated by the Notice of Appeal Rights. The letter did not comply with the procedural requirements for a motion to reopen since it was not specifically entitled as such.
The Board of Review forwarded the plaintiff's letter, along with certified copies of the file records, to the court, assuming the claimant sought an appeal.
On February 21, 1990, the claimant engaged counsel who filed on her behalf a motion to the board to reopen the claim.
On March 6, 1989, the Board of Review denied the motion to reopen on the grounds that the board lacked jurisdiction to review a benefits claim after an appeal has been filed with the superior court. The board also stated that, even if it had jurisdiction, it would have dismissed the motion because it was filed untimely.
 I.
The practice book is specific about the court's function in unemployment compensation appeals. ". . . The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the findings should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence or the credibility of witnesses. . . . The court may remand the case to the board for further proceedings de novo, or for further proceedings on the record, or for such limited purposes as the court may prescribe. . . ." Practice Book Sec. 519(a). CT Page 5437
The court must agree with counsel for the administrator in his claims that the superior court in hearing an unemployment compensation appeal, does not hear the case de novo. The function of the court is to sit as an appellate court in reviewing the record certified by the Board of review. United Parcel Service, Inc. v. Administrator, 209 Conn. 381, 385,551 A.2d 724 (1988); Finkenstein v. Administrator, 192 Conn. 104,112, 4070 A.2d 1196 (1984). The Court does not retry the facts of hear the evidence. United Parcel Service, Inc. v. Administrator, supra. The court is bound by the finding of facts of the Board of Review in making its determination as to whether the board's decision is arbitrary, unreasonable or illegal. The decision must stand if it results from a correct application of the law to the findings of fact and could reasonably follow from those findings. Robinson v. Unemployment Security Board of Review, 181 Conn. 1, 4, 434 A.2d 293 (1980). The court may not substitute its conclusions for those of the board. Johnson v. Administrator, 3 Conn. App. 264, 267,487 A.2d 565 (1974); Petela v. Administrator, 33 Conn. Sup. 119, 121365 A.2d 635 (1974).
The court's jurisdiction is particularly limited when, as here, a motion to correct the finding is not filed. Petela v. Administrator, supra; Practice Book Sections. 5515A and 591(a).
Nor does the court disagree with the claim that employer criticism of job performance, even anger or yelling, while possibly unpleasant for the employee, does not make the employment unsuitable or provide sufficient cause for a voluntary quit.
In this case, also it was further found by the Board of Review that claimant failed to make every effort and pursue all reasonable alternatives to quitting her job. She did not voice any complaints to the regarding her dissatisfaction with the job.
Nothing in the record received from the board indicates that the findings are not substantiated by the evidence before the referee.
 II.
The jist of the claimant's appeal is that she inadvertently filed an appeal from the Board of Review which the board treated as an appeal to the superior court. The claimant now alleges that what she really intended to do was make a motion to reopen on the basis of new evidence.
It is the plaintiff's claim that the superior court has appellate jurisdiction over appeals from the final decisions of CT Page 5438 the Employment Security Board of Review. C.G.S. Sec. 31-249B; Conn. Agencies Reg. Sec. 331-237g-51. Judicial review is permitted only after an aggrieved party has exhausted his remedies before the Board. C.G.S. Sec. 31-249A. The board is authorized to treat a claimant's appeal to the superior court as a Motion to Reopen. C.G.S. Sec. 31-249A(b); Conn. Agencies Reg. 31-237g-49c. However, the regulations do not expressly allow the Board to treat a Motion to Reopen as an Appeal to the Superior Court. See Regs. 31-237g-49c et seq.
The plaintiff asserts she inadvertently exhausted her administrative remedies by advising the board by letter dated January 9, 1990, that she was appealing its decision. There was attached to the letter an explanation of why she sought further review as well as her response to a letter written by her employer. Both the explanation and the response contained new information not brought to the attention of the appeals referee. In McLure v. Administrator, Unemployment Compensation Act, 27 Conn. Sup. 403, 405 (1968): the superior court refused to dismiss claimant's petition for judicial review merely because the claimant failed to comply with the proper procedures for such an appeal. The court cited the case of Derench v. Administrator, 141 Conn. 321, 324, A.2d (1954), stating that ". . .a claimant's petition should not be dismissed because of failure to comply with some technicality of procedure." The plaintiff claims that the same rationale should be applied to a claimant's obvious effort to move to reopen the matter before the board on the basis of new evidence.
With regard to the claimant's motion to reopen filed on or about February 21, 1990, the plaintiff admits that the motion was not filed with the board within thirty calendar days of its decision as required by C.G.S. Sec. 31-237g-49 (b). However, under the regulations if an appeal or motion is filed after the thirty day limit, it may still be considered if good cause were to be shown. Conn. Agencies Regs. Sec. 31-273g-49 (b). Good cause exists if a reasonably prudent person, under the same or similar circumstances would have failed to timely file a Motion to Reopen. The plaintiff points out that among the listed factors to be considered are: (1) the extent to which the party has demonstrated diligence in previous dealings with the administrator or the appeals division; (2) whether the party was represented [by counsel]; (3) the degree of the party's familiarity with the procedures of the appeals division; (4) whether the party acted diligently in filing a motion to reopen once the reason for the late filing no longer existed; (5) good faith error, provided that in determining whether good faith error constituted good cause, the board should consider the extent of the prejudice to any other party, any prior history of late filing due to such error, whether the motion is excessively CT Page 5439 late, and whether the party otherwise acted with due diligence. See, Conn. Agencies Regs. Sec. 32-237g-49 (c).
The plaintiff claims she has met these criteria. Her failure to conform her original motion to reopen to the required format is understandable given the fact that she was unrepresented by counsel, but the statements of new evidence attached to her letter and her response to the letter sent by the employer should have indicated to the board that she sought further administrative review of her claim. The board should have treated the "appeal" as a motion to reopen since it has specific authority to do so. She filed her letter within two week's of the board's decision; it was timely filed as all her previous dealings with the division have been timely filed. The second motion to reopen, filed through counsel, was filed within thirty days after the record had been forwarded to the superior court. Finally. Mrs. Kenricky's failure to properly follow the correct format for her first motion to reopen was a good faith error that could have been committed by any reasonably prudent person seeking to collect unemployment benefits without the assistance of counsel.
 III.
C.G.S. Sec. 31-236 (a)(2)(A), provides in pertinent part:
 [A]n individual shall be ineligible for benefits . . . (2)(A) if, in the opinion of the administrator, he has left suitable work voluntarily and without sufficient cause connected with his work, until such individual has earned at least ten times his benefit rate . . . .
When voluntarily leaving suitable employment for personal reasons, the claimant is eligible for benefits only if she establishes that sufficient cause existed for her leaving and that there was no reasonable alternative but to leave her employment. Pereira v. Administrator, 6 Conn. App. 6558, 660,506 A.2d 1087 (1986); Bolden v. Administrator, 40 Conn. Sup. 208,211, 485 A.2d 1379 (1985).
The court must agree that the statute provides a substantial hurdle to employees in the plaintiff's position — one who has not earned at least ten times his benefit — so that the administrative record should reveal that an in-depth inquiry was made in determining whether such employee's termination of employment was truly voluntary.
In the court's opinion, it does not have authority to determine whether the "new evidence" supplied by the claimant would be sufficient to warrant a reopening of the case by the CT Page 5440 board or would be sufficient to alter the referee's findings and conclusions. The administrator's brief did not address this issue nor did it address the basis on which the claimant appealed. Under these circumstances, the court believes it would be appropriate to remand the matter to the Board of Review for the limited purpose of determining the merits, if any, of claimant's motion to reopen and for further proceedings in conjunction with such determination.
The case is remanded to the board for the limited purposes indicated.
NIGRO, J.