[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a statutory appeal concerning unemployment compensation. On September 27, 2000, the Board of Review certified the record for this appeal to the court pursuant to General Statutes § 31-249b. The record reveals the following: By decision dated May 3, 2000, the Administrator denied benefits for the claimant because she voluntarily quit her employment for reasons which did not constitute good cause attributable to her employer. General Statutes § 31-241. The claimant appealed the decision to an Appeals Referee on May 8, 2000. General Statutes §31-241. On June 2, 2000, the Referee affirmed the Administrator's decision. General Statutes § 31-242. On June 18, 2000, the claimant appealed the referee's decision to the Board of Review. General Statutes § 31-248 (a). On July 25, 2000, the Board modified the findings of fact and affirmed the Referee's decision. General Statutes § 31-249. On July 27, 2000, the claimant filed a petition for review. General Statutes § 31-249a. On August 4, 2000, the employer filed a statement in opposition. On September 26, 2000, the Board of Review denied the petition as a motion to reopen, except for the limited purpose of correcting dates in the Referee's findings of fact, and processed it further as a claimant appeal to the Superior Court pursuant to General Statutes § 31-249a (b) and § 31-249b.
 I
Jurisdiction of the Superior Court to hear this appeal is conferred by General Statutes § 31-249b, General Statutes § 31-273 (b)(3) and CT Page 16775 Practice Book § 22-1 through § 22-9. Practice Book § 22-9(a) provides in relevant part:
 "Such appeals are by the court upon a certified copy of the record filed by the board. The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purposes of determining whether the findings should be corrected or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . ."
In an administrative appeal, a court may not perform administrative or non-judicial functions, but must merely review the administrative proceedings to determine whether the action appealed from was legal.Connecticut Television, Inc. v. Public Utilities Commission, 159 Conn. 317,329 (1970); Ierardi v. Commission on Human Rights and Opportunities,15 Conn. App. 569, 584 (1988). The weight of the evidence, as well as, matters of credibility, are within the province of the agency. Leib v.Board of Examiners for Nursing, 177 Conn. 78, 86 (1979); Johnson v.Administrator, 3 Conn. App. 264, 267 (1985). Thus, judicial review of the action or decision of an administrative agency is, absent an allegation of procedural irregularities not shown in the record, limited to the record. Accordingly, the court cannot hear evidence. Neri v. Powers,3 Conn. App. 531, 537 (1985). The Superior Court does not retry the facts or hear evidence, but rather, sits as an appellate court to review the record certified and filed by the Board of Review. United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385 (1988). The function of the court in reviewing an agency's action is not to reach its own conclusions upon the subordinate facts, but only to determine whether the conclusion of the agency on such facts is unreasonable or illogical.Campisi v. Liquor Control Commission, 175 Conn. 295, 296 (1978).
The courts are bound by the findings of subordinate facts and reasonable factual conclusions of the Board. Guevara v. Administrator,172 Conn. 492, 495 (1977); Bartlett v. Administrator, 142 Conn. 497, 505
(1955); Finkenstein v. Administrator, 192 Conn. 104, 113 (1984); Burnhamv. Administrator, 184 Conn. 317, 321 (1981). The court is limited to determining on the record, whether there is a logical and rational basis for the decision of the Board, or whether in light of the evidence, the Board has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. Calnan v. Administrator 43 Conn. App. 779, 785 (1996).
 II
Having stated the scope of the court's authority to review the decision of the Board of Review, in the previous section, this Court must now consider whether there was evidence in support of the conclusions reached by the Board of Review.
The issue on appeal is whether the Board of Review's decision, concluding that the claimant had voluntarily left work without good cause attributable to the employer, is unreasonable, arbitrary or illegal. The court concludes that the Board's decision was not CT Page 16776 unreasonable, arbitrary or illegal. The Board properly applied General Statutes § 31-236 (a)(2)(A) in arriving at its decision.
The following facts are binding on the court:
1. The claimant worked full-time from January 3, 2000 to April 19, 2000;
 2. The claimant left her position when questioned by the employer about her tardiness and her asthmatic condition;
 3. The claimant claimed that her asthmatic condition was caused by second-hand smoke from her employers, but she last complained about the smoke in February, 2000;
 4. From February, 2000, until the time she quit her employment, the claimant never complained further about any alleged second-hand smoke;
 5. The claimant on several occasions went to lunch with her employers and sat in the smoking section of the establishment. When asked if she objected to the smoking, the claimant replied that she did not object;
 6. On April 14, 2000, the employer warned the claimant about her tardiness because she was late to work. The claimant informed the employer that she was late due to her asthmatic condition. The claimant informed the employer that she was seeing her physician on April 18, 2000, regarding her asthma.
 7. On April 19, 2000, the employer requested a meeting with the claimant regarding the claimant's tardiness;
 8. The claimant, once again attributed her tardiness to her asthma. The employer intended to request that the claimant bring medical documentation regarding the connection between her tardiness and her asthma, but before the employer could do so, the claimant quit her employment.
 9. The claimant was tardy to work on April 14, 17, 18, and 19, 2000 by fifteen to twenty minutes;
 10. The claimant objected to the employer's questions regarding her health problems;
11. The claimant quit without further explanation to her employer.
 12. At a later date, the claimant submitted a letter from her physician stating that her asthma condition was worsened due to exposure to second hand cigarette smoke on a daily basis, and that said second-hand smoke was detrimental to her health.
In denying the claimant benefits, the board was not unreasonable, arbitrary or acting CT Page 16777 illegally. The claimant states her reason for quitting was that the employer was "delving into her medical problems" in connection with her tardiness. At the time the claimant quit her employment she was being questioned about the causal connection between her tardiness and her health problems. The claimant did not say anything about any smoke problem at the place of employment, to her employer. The claimant had not complained about a smoke problem since February, 2000. The Board reasonably concluded that the smoking issue was an after the fact issue, and that the claimant quit her employment due to the employer's inquiries regarding the claimant's repeated tardiness.
In addition, the Board concluded that if the smoking was a substantial factor in the claimant's leaving her employment, the claimant did not adequately explore alternatives, prior to leaving. The claimant failed in her burden to present competent evidence that "working conditions threatened the individual's health, either by causing illness or by contributing to the aggravation or worsening of the individual's medical condition. . . . and that the medical condition necessitated her leaving, and that the individual advised the employer of her condition, and that the individual unsuccessfully sought a remedy through those means reasonably available to her before leaving." Regs. Conn. State Agencies, Labor Sec. 31-236-22 (a)(1)(C) and (2). Robinson v.Unemployment Security Board of Review, 181 Conn. 1, 23 (1980); AcroTechnology, Inc. v. Administrator, 25 Conn. App. 130, 136 (1991); Boldenv. Administrator, 40 Conn. Sup. 208, 212 (1984); Uhlmann v.Administrator, Judicial District of Middlesex, No. 34084, (Hennessey, J.), March 7, 1983.
The court agrees that the Board has rendered a decision in which it properly applied the existing law to the factual situation which existed between the claimant and her employer. The decision to deny the claimant benefits reasonably flows therefrom. Accordingly the appeal is hereby dismissed.
By the Court,
Arnold, J.