### THERESA A. AUGER *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

SUPERIOR COURT     WINDHAM COUNTY     FILE No. 10312

Memorandum filed November 9, 1954.

No appearance for the plaintiff.

*William L. Beers,* attorney general, and *Harry Silverstone,* assistant attorney general, of Hartford, for the defendant.

TROLAND, J. The administrator of the Unemployment Compensation Act has appealed from the decision of the commissioner, second congressional district, awarding benefits to Theresa A. Auger.

The claimant, Theresa A. Auger, worked as a production clerk at Grosvenordale Company from July 24, 1945, to March 12, 1954. She then left because of pregnancy. Later, under the circumstances hereinafter set forth, she applied for unemployment benefits, which were denied by the examiner but were granted on appeal to the commissioner.

The principal claim of the administrator is that the commissioner erred in ruling that Theresa A. Auger was eligible for benefits even though she had not earned $100 after childbirth, as provided in General Statutes, § 7508 (5), as amended by Cum. Sup. 1953, § 2315c.

Employees of Grosvenordale Company, with certain exceptions, were represented for collective bargaining purposes for a number of years by Textile Workers Union of America, C.I.O. The agreement provided for leaves of absence for illness, pregnancy, or injury, to members of the bargaining unit. Production clerks were among the exceptions to the agreement. Throughout the history of collective bargaining between Grosvenordale Company and Textile Workers Union of America, C.I.O., it was the policy and practice of the company to extend to those employees excepted from the agreement the same considerations in regard to wages, hours, working conditions, vacations, leaves of absence, and all matters covered by the agreement, as the agreement provided for members of the bargaining unit.

When the claimant left on March 12, 1954, it was on leave of absence with the understanding that she would return to work as soon as her doctor permitted this, following the birth of her child. Mrs. Auger's child was born April 15th, 1954. Her physician informed her that she would be able to return to work on June 15, 1954. Prior to June 15, 1954, and during April, 1954, the Grosvenordale Company closed down permanently.

The commissioner has found that claimant's leave of absence and the provision for her return to work were given and made as a direct result of the collective bargaining agreement provisions covering the members of the bargaining unit. The defendant administrator seeks to have the finding corrected by

striking out the above finding and adding a paragraph stating "the employer did not, by collective agreement provide for the re-employment of the plaintiff after childbirth." The commissioner refused to correct his findings in this respect, and the court is of opinion he was justified in so doing. By history, by custom, by practice, the claimant had a real interest, a beneficial interest, in the agreement secured by the Textile Workers Union, C.I.O. It had always affected and governed the conditions of her employment. To hold otherwise would require narrow and illiberal inferences and conclusions of fact from all the evidence.

The finding is corrected by adding the admitted and undisputed fact that had Grosvenordale Company continued to operate, claimant would have resumed her work after she had regained her health, by virtue of the privilege granted.

The following well-established legal principles are applicable in deciding this appeal. The purpose of the act is remedial and it is to be construed liberally as regards beneficiaries. *Reger* v. *Administrator,* 132 Conn. 647, 650. The purpose of the act is to provide some income for the worker earning nothing because he is out of work through no fault of his own. *Schettino* v. *Administrator,* 138 Conn. 253, 257; *Kelly* v. *Administrator,* 136 Conn. 482, 487. The act and the contracts made in contemplation of it must be construed to effect the humanitarian objectives of this legislation. The courts are called upon to look beyond the literal meaning of the words to the history of the law, its language, considered in all its parts; the mischief the law was designed to remedy, and the policy underlying it. *Giammattei* v. *Egan,* 135 Conn. 666, 668.

The claimant desires to work. She sets up no restrictions as to hours of work, type of work, or

wages. The Grosvenordale Company being closed, the claimant applied to the employment service for referrals on June 13, 1954.

The court is of opinion that the ineligibility of the claimant for benefits due to pregnancy, as provided in § 7508 (5) of the General Statutes, as amended by Cum. Sup. 1953, § 2315c, does not continue after childbirth until she has again been employed and been paid wages in an amount at least equal to $100, because the commissioner has found as a fact, and the court believes rightly so, that the claimant comes within the exception noted in § 2315c which reads as follows: ". . . except that where an employer has, by collective bargaining agreement, provided for reemployment for such woman after childbirth, and she has, within two months, applied, without restrictions, for reemployment in the same job or a comparable job which may be provided by the employer, and the employer does not reemploy such woman, requirement of earning one hundred dollars shall not apply in her case."

The requirement of application for re-employment (to the employer) within two months after childbirth is found to be inapplicable in this case, because Grosvenordale Company closed permanently, before such time, of which closing claimant was duly notified by the company. It is not the policy of our law to require the doing or performing of a vain or futile act as a condition precedent to the enjoyment of a right or benefit to which a claimant is otherwise entitled.

The decision of the commissioner that claimant is entitled to benefits is correct.

The appeal is dismissed.