DEOLINDA B. PEREIRA ET AL. *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT, ET AL. (3524)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued November 6, 1985—decision released April 1, 1986

*John C. Bullock,* with whom was *William T. Cremins,* for the appellant (defendant Naugatuck Glass Company).

*Richard T. Sponzo,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, and *Robert E. Walsh,* assistant attorney general, for the appellee (named defendant).

SPALLONE, J. The defendant, Naugatuck Glass Company (Naugatuck Glass) is appealing from the judgment of the Superior Court dismissing its appeals from decisions of the employment security board of review.

The claimants, Deolinda B. Pereira, Victor P. Simoes and Joaguim Maceira,[1] were employed by Naugatuck Glass, and each left their jobs to accept employment elsewhere for higher wages. Subsequently, all three were laid off by their new employers and each filed claims for unemployment benefits with the defendant, the administrator of the Unemployment Compensation Act (administrator). All three were found eligible by the administrator and were separately awarded benefits chargeable to Naugatuck Glass' account. Naugatuck Glass appealed each of the awards to appeals referees who, after conducting hearings de novo, made findings of fact and affirmed the administrator's decisions. Naugatuck Glass then appealed each decision to the board of review, which adopted the findings of the referees and affirmed the decision in each case. Naugatuck Glass then appealed each decision to the Supe-

---

[1] The claimants are not parties to this appeal.

rior Court. The court consolidated the appeals and rendered one judgment dismissing each appeal. It is that judgment from which the defendant now appeals.

The sole issue before this court is whether the claimants, who left their jobs voluntarily to accept new positions at higher pay and who were subsequently laid off by their new employers, were entitled to unemployment benefits from their former employer, Naugatuck Glass, pursuant to General Statutes § 31-236 (2) (A). The dispositive question raised by this issue is whether, when the claimants left Naugatuck Glass' employ for higher wages elsewhere, they left "suitable work for cause" and are therefore eligible for unemployment benefits pursuant to § 31-236 (2) (A).

We have recently had occasion to decide this precise issue in *Valley Surgical Group, P.C.* v. *Administrator,* 6 Conn. App. 588, 506 A.2d 1075 (1986). We there held that although the ordinary prudent person might be impelled to leave work voluntarily for better pay, that fact standing alone is not sufficient to establish that the claimant left suitable work for cause as required by General Statutes § 31-236 (2) (A). That case was based on an interpretation of *Robinson* v. *Unemployment Security Board of Review,* 181 Conn. 1, 434 A.2d 293 (1980). In *Robinson,* the Supreme Court held that a claimant must show not only that he has left employment for reasons which would impel the ordinary prudent person to leave, but also for reasons which provide the particular individual no reasonable alternative but to terminate that employment. Id., 23.

In the present case, the trial court upheld the conclusion in each appeal that leaving suitable work for better pay was sufficient to establish good cause. This conclusion completely ignores the fact that *Robinson* expounds a two-pronged test to establish cause. A reasonable person might be impelled to leave suitable work

for better pay but this fact standing alone is insufficient to establish cause. The second prong of *Robinson* mandates a showing that there was no other reasonable alternative available to the claimant.

There is nothing in the record to indicate that termination of employment was the claimants' only reasonable option. We will not speculate whether there were other options or alternatives available to the claimants, but it was their burden, under *Robinson,* to prove that no such reasonable alternatives existed. In the absence of such proof the trial court was clearly erroneous in affirming the decisions of the trial referee and the board of review.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeals.

In this opinion the other judges concurred.