BAILEY EMPLOYMENT SERVICE OF BRANFORD, INC. v. FAIRFIELD ELECTRIC SUPPLY, INC.
(3971)

DUPONT, C. J., BORDEN and BIELUCH, Js.

Argued January 7—decision released April 1, 1986

*Donal C. Collimore,* for the appellant (defendant).

*Thomas S. Brown,* for the appellee (plaintiff).

PER CURIAM. This appeal arises out of the judgment of the trial court in favor of the plaintiff in an action upon a contract for the plaintiff's services. The judgment was rendered in accordance with a factfinder's report to which the defendant had objected. The defendant now claims four errors which it concedes "can be boiled down to the proposition as to whether or not the Fact Finder found sufficient facts to justify his conclusions which would in turn justify the entry of judgment based on that report." We find error in part.

The facts are undisputed. The plaintiff, an employment agency, was hired by the defendant to find a salesman for employment. The plaintiff referred two potential candidates to the defendant, the latter of which, William Sessa, was actually hired by the defendant at an annual salary of $18,200. Pursuant to the plaintiff's fee schedule, a commission of 19 percent of Sessa's annual salary was to be paid by the defendant to the plaintiff, plus the state sales tax. The factfinder found the commission to be "$3579.03, plus sales tax of $121.03."

The defendant's sole argument is that the material "findings of fact," numbers nine through fourteen of the factfinder's report, merely recited testimony as statements of evidence rather than as the required findings of fact. Hence, it asserts, the conclusions of the factfinder are not adequately supported by subordinate facts. Consequently, they do not justify a judgment for the plaintiff. This argument, however, overlooks the factfinder's express statement made after his initial findings, that "[t]he decision in this case depends upon the answers to the following questions: 1. Was the plaintiff corporation an employment agency? 2. Was Mr. William Sessa hired by the defendant through contact with the plaintiff? 3. Was there a meeting of the minds that the plaintiff would send to the defendant an individual or individuals to be hired as a salesman?

4. Was there a meeting of the minds as to the terms of compensation from defendant to plaintiff?" The factfinder's express affirmative answers to all four of these questions establish the necessary factual predicates for his conclusions.

Although findings nine through fourteen of the factfinder's report do not state findings of fact, but merely present conflicting testimony as to the issues in the case, these mislabeled "findings of fact" were merely a prelude to the factfinder's determination of the four crucial facts. The conflicting testimony was presented as evidence of the respective two positions claimed by the parties. The factfinder's subsequent answers to those four questions from the evidence provided a sufficient basis for his conclusions, and for the court's subsequent judgment in favor of the plaintiff.

The factfinder, however, mistakenly characterized his ultimate conclusion as a decision and erred in the amount of commission due when he stated: "Decision is rendered for the plaintiff to recover from the defendant $3,579.03, plus sales tax of $121.03." The commission of 19 percent of the annual salary of $18,200 should have been properly computed to be $3458. The amount of the state "use tax" of 3.5 percent applicable to services of an employment agency was properly determined to be $121.03. General Statutes §§ 12-411 (1) and 12-407 (2) (i) (C). The correct total commission and use tax due should have been found to be $3579.03. The factfinder's computational error was further compounded by the court's rendition of judgment "that the plaintiff recover of the defendant damages of $3,579.03 plus sales tax of $2,121.03," plus taxable costs. The judgment is in error and should be corrected to reflect the proper amount of the commission and use tax due the plaintiff as damages.

There is error only in the amount of damages awarded the plaintiff, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff in the amount of $3579.03.