[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: FACT FINDER'S REPORT (#122)
The above matter was referred to Robert E. Walsh, Esq., for fact finding pursuant to 546B et seq of the Practice Book. The fact finder heard the parties over three trial days. On August 9, 1991 he rendered a decision containing his findings of fact and a memorandum of decision, P.B. 546B and 434, which was filed with this court on August 14, 1991.
On August 28, 1991, the defendant filed with this court "Defendant's Motion for Modification of Committee's Findings Fact in accordance with Superior Court Rule 438." (sic). In said motion the defendant moved the Committee (sic) to make additional findings of fact. Paragraphs 1-18, 22 and 23 deal with evidentiary matters. Paragraphs 19-21 and 24-27 are conclusions of fact claimed by the defendant. All of the matters are covered by the fact finder in his report. Such "Motion" is deemed an objection under P.B. 546H.
The defendant also filed a brief in support of his "Motion under Superior Court Rule 438" (sic).
The matter was heard by the court on September 3, 1991, at which time the defendant filed "Defendant's objection to hearing on judgment for violation of Connecticut Practice Book Rules 438, 441, 442." Both objections are overruled.
The fact finder recommended judgment for the plaintiff on the past due balance; but allowed the defendant a credit for an improper markup charge for the roaming service. He also awarded damages to the defendant on the same basis under CUTPA for the period from the inception of the contract until the time defendant stopped paying.
The court finds that the facts found by the fact finder are supported by the subordinate facts set forth in the Memorandum of Decision. Specifically, the defendant's claim for punitive damages was found to have no support in the record. There is no claim of error in evidentiary rulings nor any other ruling. See Bailey Employment Service of Branford, Inc. v. Fairfield Inc., 6 Conn. App. 661. The report is accepted. Judgment may enter in favor of plaintiff on the complaint as follows:
Principal sum $2,334.64
Interest from 8/1/89 466.93 CT Page 8677
 Attorney's fees 54.62 $3,156.19
Judgment may enter for the defendant on his counterclaims in the amount of $105.67.
Burns, J.