[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from decision of the Employment Security Board of Review ("the board") denying a claim for unemployment compensation from the Town of Coventry ("the town") made by the claimant, Karen A. Dinnie ("claimant" or "appellant"). The Court finds that the board made an adequate finding as to the claimant's ineligibility to receive benefits.
Procedural History
The administrator ruled the claimant eligible for unemployment benefits for the week ending June 10, 1995, and notified the town of its chargeability on June 23, 1995. The town appealed the administrator's decision on June 30, 1995.
The appeals referee ("referee") reversed the Administrator's decision on September 14, 1995, upon finding that the claimant voluntarily left her employment without sufficient job-connected cause.
The claimant appealed the referee's decision to the board on October 5, 1995, on the contention that she did in fact have sufficient job-connected cause to leave her employment voluntarily. The board affirmed the referee's decision on December 22, 1995.
The claimant filed a motion to correct findings with the board on February 6, 1996, which was granted in part, denied in part, on April 11, 1996.
Factual History
The factual findings as taken from the decision of the appeals CT Page 3101 referee are as follows. On August 30, 1989, the claimant received a letter confirming her hire as the co-recreation director for the Town of Coventry, with the starting date listed as September 25, 1989. (Appeals Referee Decision, Findings of Fact, ¶ 2.) The claimant co-shared her job with another individual who left the employ of the town in 1992. (Appeals Referee Decision, Findings of Fact, ¶ 3.) In 1992, the recreation department was restructured, such that the director position was no longer shared, but consisted instead of a director and an assistant director. (Appeals Referee Decision, Findings of Fact, ¶ 4.) This assistant director position has been filled by three different persons since 1992. (Appeals Referee Decision, Findings of Fact, ¶ 3.)
The claimant learned that the funding for the assistant director's position would be eliminated from the budget effective June 30, 1995. (Appeals Referee Decision, Findings of Fact, ¶ 10.) At that time, the claimant would became responsible to raise the money to pay the assistant director's salary through user-fees. (Appeals Referee Decision, Findings of Fact, ¶¶ 10-11.)
On May 16, 1995, the claimant tendered her resignation notice to the town manager; (Appeals Referee Decision, Findings of Fact, ¶ 6); effective June 1, 1995. (See Return of Record, Item #13, Claimant's List of Exhibits, Exhibit 8, Letter of Resignation.) On the same day, the town manager notified the Town Council of the claimant's decision to resign. (Appeals Referee Decision, Findings of Fact, ¶ 6.) The town manager also requested the claimant to prepare a list of possible changes for the department, which if implemented, would lessen the claimant's frustration and would entice the claimant to reconsider her decision to resign and thereby stay with the department. (Appeals Referee Decision, Findings of Fact, ¶ 7.)
The claimant's list named seven critical areas as the basis of her decision to resign, specifically: (1) that the Registrar of Voters and the Recreation Department not share the same office space; (2) the assistant director's position be placed back in the operating budget; (3) the day camp program be put back into the operating budget; (4) a part-time secretary/clerical position be assigned to the recreation department for a minimum of three full days per week; (5) job security benefits for the assistant director, i.e., prorated sick time, personal time, holiday time, and vacation time; (6) update the technology of the recreation department, i.e., computer and phone systems; and (7) and a pay increase for the director's position. (Appeals Referee Decision, CT Page 3102 Findings of Fact, ¶ 13.)
The town manager negotiated the issues with the claimant, conceding to (1) upgrade the computer system; (2) work out a pay raise arrangement; and (3) provide the claimant with a human resources secretary or some other individual when the claimant was not in the office. (Appeals Referee Decision, Findings of Fact, ¶ 15.) There was no resolution as to placing the assistant director's position back into the operating budget, which the referee concluded was the major contention point leading to the claimant's voluntary resignation. (Appeals Referee Decision, Findings of Fact, ¶¶ 14-15.)
The claimant gave notice of resignation and left employment before the assistant director's position was effectively removed from the town's operating budget. (Appeals Referee Decision, Findings of Fact, ¶ 17.)
The claimant also asserted that (1) she separated from employment due to work-related stress; and (2) she was subject to continual verbal abuse from Town Council members and a member of the Parks and Recreation Commission. (Appeals Referee Decision, Findings of Fact, ¶¶ 16, 20.) The referee, however, found that (1) none of the medical documentation submitted supported the claimant's allegation of work-related stress illnesses; and (2) the town "does not necessarily dispute" that the members of the Town Council and Commission improperly treated the claimant. (Appeals Referee Decision, Findings of Fact, ¶¶ 16, 20.)
In her appeal, the appellant contends that the board erred by (a) finding that improper behavior by a member of the Parks and Recreation Commission was limited to a single incident; and (b) concluding as a matter of law that the claimant was not entitled to compensation because this conclusion does not comport with the finding that the alleged improper conduct by an individual on the Commission increased the claimant's work-related stress.
The specific questions raised by this appeal are whether (1) the board failed to make a finding of continual abuse by a member of the Parks and Recreation Commission; and (2) whether the claimant pursued reasonable alternatives prior to voluntary termination.
A. Aggrievement
CT Page 3103
"To be an aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community, and the appellant must be specially and injuriously affected as to property or other legal rights." Smith v. Planning and Zoning Board ofMilford, 203 Conn. 317, 321, 524 A.2d 1128 (1987). In this case the appellant has been aggrieved because her pecuniary interests have been directly, specifically, and adversely affected by the board's decision. This decision found that the appellant was ineligible to receive unemployment compensation, and therefore the appellant will be charged with overpayment for the benefits already received to which the appellant was not entitled.
Standard of Review
"To the extent that an appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, the [superior] court is limited to a review of the record certified and filed by the Board of Review." United Parcel Service Inc. v. Administrator,209 Conn. 381, 385, 551 A.2d 724 (1988). "The court must not retry the facts nor hear evidence." Id.; Burnham v. Administrator,184 Conn. 317, 321, 439 A.2d 1008 (1981). "If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found, or could not reasonably or logically have followed from such facts." United ParcelService, Inc., supra, 209 Conn. 385. "Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal, or an abuse of discretion." Id., 385-86. Practice Book § 519 further provides that the court "cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." Practice Book § 519.
"As a general rule, the application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes § 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant." United Parcel Service. Inc. v. Administrator,
supra, 209 Conn. 386, citing Burnham v. Administrator, supra,184 Conn. 323. Questions involving matters of statutory construction are questions of law on which the agency's view is entitled to deference but is not dispositive. See DaSilva v. Administrator,
CT Page 3104175 Conn. 562, 564, 402 A.2d 755 (1978); Bridgeport Metal GoodsMfg. Co. v. Administrator, 2 Conn. App. 1, 3, 475 A.2d 329 (1984).
The court may remand the case to the board for further proceedings de novo, or further proceedings on the record, or for such limited purposes as the court may prescribe. General Statutes § 31-249b. See also Acro Technology, Inc. v. Administrator,25 Conn. App. 130, 136, 593 A.2d 154 (1991). The court may also order the board to remand the case to a referee. General Statutes § 31-249b. Remanding the matter to the administrative agency for further proceedings where more than one conclusion could be drawn by the agency is proper. Fabrizi v. Administrator,12 Conn. App. 207, 211-12, 530 A.2d 203 (1987).
The following will address the two issues raised in this appeal: (1) whether the board incorrectly found the verbal abuse limited to a single incident; and (2) whether the appellant pursued reasonable alternatives to remedy her grievances prior to resignation.
A. Abuse: Continual or a Single Incident?
Section 31-236-22 (a)(1) Regulations, Connecticut Agencies, provides: "To determine that an individual voluntarily left suitable work for sufficient cause connected with his work, the Administrator must find, with respect to working conditions, that (H) the individual was subjected to continual physical or verbal abuse by a fellow employee; or (I) the individual was subjected to continual physical or verbal abuse, or unfair treatment by his supervisor or any other authorized representative of his employer." (Emphasis added.) Regs., Conn. State Agencies § 31-236-22 (a)(1)(H-I).
The board found, in its corrected findings: "Although the claimant has alleged a pattern of harassment by Commissioner [Roland] Green and abusive and demeaning treatment by the Town Council, she provided no specific details except for an unfounded allegation by Commissioner Green that she had mismanaged funds. This allegation was made on a number of occasions."
The appellant contends that this finding does not comport with the unrebutted testimony provided by Attorney Cromie at the hearing, which indicated that the appellant was subject to ongoing mistreatment by Commissioner Green and the Town Council. (See Additional Record Item #1, Excerpt of Continuation of Hearing, pp. CT Page 3105 93-94.)
The scope of review of this court is limited. In accordance with Practice Book § 519, this court "cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." Since this court is bound by the factual determinations of the board below and may not reassess the credibility of witnesses, this court must abide by the board's finding that the appellant was subject only to a single substantiated incident of harassment. It therefore follows that the claimant's appeal on this ground is not viable.
B. Reasonable Alternatives
Section 31-236-22 (a)(2) Regulations, Connecticut Agencies, provides: "To determine that an individual voluntarily left suitable work for sufficient cause connected with his work, the Administrator must find . . . (2) . . . the individual expressed his dissatisfaction regarding the working condition to his employer and unsuccessfully sought a remedy through those means reasonably available to him before leaving his employment." See also Kernickyv. Administrator, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 267503 (June 25, 1991, Nigro, J.), citingPereira v. Administrator, 6 Conn. App. 658, 660, 506 A.2d 1087
(1986) (stating, "When voluntarily leaving suitable employment for personal reasons, the claimant is eligible for benefits only if she establishes that sufficient cause existed for her leaving and that there was no reasonable alternative but to leave her employment.").
A review of the record (see Additional Record Item #1, Excerpt of Continuation of Hearing, pp. 107-09; 113-14); provides clear support for the board's decision that the claimant did not pursue alternatives to voluntary resignation to remedy her grievances of lack of appreciation by the Town Council and harassment by a member of the Parks and Recreation Commission, Roland Green. The record indicates that Town Council member for the majority Republican Party, Council Member O'Brien, offered through Town Manager Elsesser to speak with the claimant to dissuade the claimant from resigning, but the claimant refused to call Council Member O'Brien. (See Additional Record Item #1, Excerpt of Continuation of Hearing, pp. 107-09.) The record also demonstrates that Council Member O'Brien and Town Manager Elsesser offered to speak with Commissioner Green to encourage him to cease his public disparaging remarks about the claimant. The claimant refused Council Member O'Brien's and Town Manager Elsesser's offers to intercede on the CT Page 3106 claimant's behalf. (See Additional Record Item #1, Excerpt of Continuation of Hearing, pp. 113-14.) In addition, in its corrected findings, the board found the following: "Approximately one month after the claimant resigned, Commissioner Green stated publicly at a Commission meeting that the claimant was not responsible in any way for the funds about which he was concerned."
The board commented further, in its corrected findings: "We reject any inference that the action by Commissioner Green was of no avail. It occurred after the claimant resigned solely because the claimant was unwilling to give the town manager the opportunity to talk to Commissioner Green before the claimant resigned."
The Court concludes that the board's factual findings and interpretations of the facts was reasonable in light of a full review of the record. It is further concluded that the claimant failed to pursue reasonable alternatives to resignation and thus did not comply with the provisions of Regs., Conn. State Agencies § 31-236-22 (b) and General Statutes § 31-236 (a)(2). Accordingly, the board's decision finding the claimant ineligible for unemployment compensation benefits cannot be found to be unreasonable, arbitrary, illegal, or an abuse of discretion.
Conclusion
Because the board's decision was supported by the record and was not unreasonable, arbitrary, illegal, or an abuse of discretion, the claimant's appeal is dismissed.
Klaczak, J.